OPINION
Charles E. Honaker ("Honaker") appeals from a judgment of the Xenia Municipal Court, Civil Division, which granted Greene Memorial Hospital's ("hospital") motion for a directed verdict and dismissed Honaker's case.
The record reveals as follows. Honaker was a diabetic and had been taking insulin since 1992 or 1993. On the morning of March 23, 1998, Honaker went to the hospital's emergency room complaining of chest pain. Honaker's physician, Dr. Raj Patel, ordered Honaker to undergo a stress test on March 24, 1998. The results of the stress test were normal and Honaker was discharged on March 24, 1998.
On December 7, 1998, Honaker filed a complaint pro se against the hospital for "lack of services [and] health conditions." He alleged that, during his stay in the hospital, he had been given insulin without food and that his room had been dirty. The hospital filed a motion to dismiss and a motion for summary judgment. Both motions were overruled by the trial court.
On October 21, 1999, the case proceeded to a jury trial. Honaker presented the testimony of four witnesses: Dr. Patel; Herbert Riley, Honaker's roommate in the hospital; Mary Riley, Herbert Riley's wife; and Dovie Honaker, Honaker's wife. Honaker did not testify on his own behalf. Honaker then rested his case and the hospital made a motion pursuant to Civ.R. 50(A) for a directed verdict. The trial court granted the hospital's motion and dismissed Honaker's case. Honaker now appeals the trial court's dismissal of his case.
Although Honaker's appellate brief does not set forth any assignments of error, he discusses the same two issues that he raised in his complaint. We recognize that his brief does not comport with the requirements of App.R. 16(A) and 19(A). We will, however, exercise our discretion to consider his arguments.
Civ.R. 50(A)(4) states:
 When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
"A motion for directed verdict tests the legal sufficiency of the evidence, and therefore presents a question of law, even though in deciding such a motion it is necessary to review and consider the evidence." Conover v. Lake Cty. Metro Parks Sys.
(1996), 114 Ohio App.3d 570, 573, 683 N.E.2d 808, 810, discretionary appeal not allowed (1997), 77 Ohio St.3d 1517,674 N.E.2d 371 (quotation and citations omitted). Because this case presents a question of law, our standard of review is de novo.Id.
Honaker's first claim concerned the improper administration of medication. He alleged that, after he had been fasting in preparation for his stress test, a hospital nurse had given him insulin for his diabetic condition without giving him food, as is recommended. We construe his argument to allege that the hospital staff committed medical malpractice.
"To prevail in a medical malpractice action, the plaintiff must prove, by a preponderance of the evidence, not only that the defendant failed to act in accordance with the required standard of care, but that this failure was a proximate cause of the resulting injury." Avondet v. Blankstein (1997), 118 Ohio App.3d 357,365, 692 N.E.2d 1063, 1068, citing Bruni v. Tatsumi (1976),46 Ohio St.2d 127, 346 N.E.2d 673, paragraphs one and two of the syllabus. "Where the permanency of an injury is obvious, such as the loss of an arm, leg or other member, the jury may draw its own conclusions as to the measure of damages; however, where an injury is not obvious, there must be expert evidence as to the damage sustained, the probability of future pain and suffering or the permanency of the injury." Corwin v. St. Anthony Med. Ctr. (1992),80 Ohio App.3d 836, 840-841, 610 N.E.2d 1155, 1157.
Dr. Patel testified that if food is not consumed within thirty minutes after insulin is administered, hypoglycemia, or low blood sugar, can result. He testified that, as long as a patient's blood sugar level remains above 80, hypoglycemia "does not cause any side effects[,]" but that if the blood sugar level drops below 80, a patient can suffer dizziness, increased heart rate, sweating, and eventually unconsciousness. He said that Honaker's blood sugar level had been monitored while he had been in the hospital and that, during Honaker's entire stay, his blood sugar level had remained above 80. He also stated that, in his opinion, the insulin had been properly administered to Honaker. Dr. Patel was the only witness who testified regarding the administration of the insulin.
Construing the evidence in a light most favorable to Honaker, we cannot say that reasonable minds could have concluded that the hospital failed to act in accordance with the required standard of care.
Assuming, arguendo, that Honaker had presented evidence to establish that the hospital had failed to act in accordance with the required standard of care, we will examine whether Honaker proved that the hospital's failure proximately caused a resulting injury. Dr. Patel testified that, when Honaker had been discharged, he had been "quite stable" and that he had not been diagnosed with anything that had been caused by the care and treatment that he had received while in the hospital. None of Honaker's other witnesses testified that he had suffered any injury or that he would suffer future pain or suffering from any of the hospital's actions.
Construing the evidence in a light most favorable to Honaker, we cannot say that reasonable minds could have concluded that the hospital's actions proximately caused an injury to Honaker. The trial court did not err in dismissing the first issue of Honaker's complaint.
Honaker's second claim concerned the unsanitary conditions of his hospital room. He alleged that his room had been dirty because the trash cans had been "running over[,]" there had been dirty linens on the bed, and there had been "dust bunnies throughout the room." We construe his arguments to allege that the hospital was negligent.
To establish negligence, a plaintiff "must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." Jeffers v. Olexo (1989), 43 Ohio St.3d 140,142, 539 N.E.2d 614, 616.
Assuming, arguendo, that the hospital had a duty to keep its rooms in a sanitary condition and that the alleged dirty conditions of the room breached this duty, we will examine whether Honaker proved that an injury proximately resulted from such conditions. Honaker attempted to demonstrate the condition of the room through the testimonies of his wife and the Rileys. None of the witnesses testified, however, that Honaker had suffered an injury as a result of such conditions.
Construing the evidence in a light most favorable to Honaker, we cannot say that reasonable minds could have concluded that the conditions of the hospital room caused an injury to Honaker. The trial court did not err in dismissing the second issue in Honaker's complaint.
The judgment of the trial court will be affirmed.
 _____________________ WOLFF, J.
BROGAN, J. and FAIN, J., concur.